HUGH L. WILLOUGHBY, JR. *vs.* AUGUSTA
H. WILLOUGHBY *et al.*

MAY 2, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity for the construction of a will and codicil of Hugh Laussat Willoughby, a legal resident of the state of Florida, deceased. The complainant is a son of the testator. The respondents are testator's widow and his two other children. All parties are of age and properly before the court. The pleadings are closed. No testimony was taken in the superior court. In this situation, the cause was certified to this court for determination, in accordance with the provisions of general laws 1938, chapter 545, § 7.

The testator died in Florida on April 4, 1939, leaving him surviving his widow, Augusta H. Willoughby, and three children, Hugh L. Willoughby, Jr., Estelle W. de Bakhtiar, and Katherine W. Clarke, all parties in this cause and the sole heirs at law of the testator. The will was executed on June 19, 1928, and the codicil on August 5, 1931. Both instruments were probated in Newport, R. I., on August 7, 1939.

At the time of his death, the testator was the sole owner in fee of a certain estate in Newport, known as "The Chalet". He also had property in the states of New York, Pennsylvania and Florida.

The will was apparently drawn by a layman, probably by the testator himself. Its provisions as they appear in the authenticated copy before us are as follows: Paragraph 1 appoints the testator's wife sole executrix of the will. In case of "her death or remarriage", the complainant here is appointed sole executor.

Paragraphs 2 and 3, which we quote in their entirety, raise the real issue before us. "2nd. My wife, Augusta H. Willoughby, during her life, or widowhood is to enjoy all the revenues, derived from my estate, *Real, Personal & Mixed*, and is empowered to sell, or let, the whole, or any part of it, giving good, and sufficient deeds, to purchasers, in Fee-Simple, and to invest the procedes in legal securities.

"After the death, or widowhood of my wife, my Estate, *Real, Personal,* and *Mixed,* is to be divided, among my three children, as follow*es.*

"3rd. I bequ*eth,* and devise, to my son, Hugh L. Willoughby, Jr., all my property to be found in the State of Rhode Island, *Real, Personal,* and *Mixed."* This devise and bequest covers the Newport estate of "The Chalet" and its furnishings.

Paragraphs 4, 5 and 6 devise and bequeath all his property in the states of New York, Pennsylvania and Florida to his three children, identifying them by name in each instance, "in Fee-Simple, tenants in common, share and share alike."

The codicil was apparently drawn by a lawyer. Except for the following provision it reaffirms the will in all other respects. "Subject to the rights of my wife to the use and enjoyment during her lifetime of all my household furniture, and other personal property contained in 'The Chalet' in Newport, Rhode Island, I give and bequeath the same unto my three children, Hugh L. Willoughby, Junior, Mrs. Boiris de Bakhtiar and Mrs. James K. Clarke, share and share alike as nearly possible as they can arrange the same."

The basic rules in the construction of wills are so well settled as to require little citation of authorities. The intention of the testator is all important and, when once ascertained from an examination of the entire will, such intention is to be given full force and effect, unless contrary to the established rules of law. A codicil varies or modifies the will only so far as the intention of the testator that it shall do so is made manifest. Consideration must be given to the will and codicil, and both must be read together as one instrument. *Smith* v. *City of Providence,* 63 R. I. 333, 9 A. 2d. 10. Furthermore, the language of the testator is to be given its ordinary meaning, especially if the language under consideration is used by a layman.

The construction of this will is apparently sought by the parties for tax purposes, as their family relations are admittedly harmonious. The complainant urges the following contentions with reference to the testator's real estate in Rhode Island. First, that it was the clear intention of the testator to devise that real estate to him in fee, such real estate standing charged, however, with the payment to the respondent, Augusta H. Willoughby, of "all the revenues" derived therefrom "during her life, or widowhood"; and second, as an alternative and more literal construction of the will, that the testator, at most, intended to give his wife a legal life estate terminable by her remarriage, with a vested remainder in him, the complainant.

Similar contentions are urged by the complainant with reference to all of testator's other property in Rhode Island both *"Personal & Mixed."* His claim, in substance, is that, with the exception of the personal property contained in "The Chalet", which is the only property affected by the codicil, the testator intended to bequeath all such property to him by way of absolute gift, giving to the respondent, Augusta H. Willoughby, only the right "to enjoy all the revenues" from such property during her life or widowhood.

The respondents, on the other hand, contend: First, that the legal effect of the will is to vest title to the real estate in fee simple in the widow, Augusta H. Willoughby; and second, that the legal effect of that instrument is to bequeath all the testator's other property, both *"Personal,* and *Mixed"*, excepting the personal property in "The Chalet", to her as an absolute gift in her own sole right.

We deem it important to set forth the order of testator's dispositions in paragraphs 2 and 3 of the will. They are as follows: The provisions in paragraph 2 are first, a bequest to the wife, "during her life or widowhood" of all the "revenues" from his entire estate; second, a grant of power to the wife "to sell or let" the whole or any part of the estate;

third to give "good and sufficient deeds, to purchasers, in Fee-Simple", and "to invest" the proceeds of any sale "in legal securities"; and fourth, *"After the death, or widowhood"* of the wife, the entire estate, as it then stands, is to be divided among his three children in accordance with the dispositions that follow, among those being paragraph 3, in which the testator devises and bequeaths to his son, Hugh L. Willoughby, Jr., the complainant here, all his "property to be found in the State of Rhode Island, *Real, Personal* and *Mixed."*

The word "revenues", as used by the testator in paragraph 2, deserves consideration at this point. That word, although most commonly used in connection with governmental matters or artificial persons, is nevertheless employed at times with reference to the affairs of individuals. Not being a word of art, it must be given its ordinary meaning, especially if used by a layman and the context shows that no special meaning was intended to attach thereto by the person who used that word.

In Webster's New International Dictionary, (2d ed.) p. 2132, the word "revenue", in both singular and plural forms, is defined as "Return; yield, as of land; profit. . . . That which returns, or comes back, from an investment; the annual or periodical rents, profits, interest, or issues, of any species of property, real or personal; income." See also *People* v. *New York Central R. R. Co.,* 24 N. Y. 485, 490; *Bates* v. *Porter,* 74 Cal. 224. There being nothing in the will before us to indicate that the word "revenues" was used by the testator with any special meaning, it is clear to us that it was testator's intention to devise and bequeath to his wife for her life, provided she remained his widow, the "net income" from all his property, as limited by the provision in the will for reinvestment of the proceeds of any sale she was authorized to make. In such provision, the word "procedes", meaning proceeds, according to both its ordinary meaning and its use with the context immediately preceding it, clearly

refers to any amount realized from an authorized sale of the property as distinguished from the income obtained from any letting thereof.

The respondents argue that because the testator gave his wife the income from his entire estate and also gave her broad powers in dealing with his property *"Real, Personal, and Mixed"*, he therefore gave her a fee simple in the real estate and an absolute title to the personal property. In other words, their contention is that a limited or qualified devise of the real estate and a similar bequest of the personal property became a devise in fee simple of the former and an absolute gift of the latter by operation of law. In support of this contention they cite the case of *Sammis* v. *Sammis*, 14 R. I. 123, where it is said that a devise of the rents and profits, or of the income of the land, is in legal effect a devise of the land itself.

While this rule of construction has been stated at times in such broad language, without qualification, as if it were an invariable rule of law, no case, including the *Sammis* case, *supra*, has come to our attention in which the rule has been applied contrary to the plain intention of the testator. In all cases in which such rule has been applied, the rule was invoked to carry out, not to defeat, the testator's intention. It has been applied only when the court was unable to find any circumstances indicating a contrary intention on the part of the testator. The case of *Bowen* v. *Payton,* 14 R. I. 257, decided within five months of the *Sammis* case, discusses the limitations that attach to the rule upon which the respondents so strongly rely, and clearly holds that the rule is inapplicable where the testator's intention is contrary to the result that would be reached by an application of that rule.

The powers which the testator gave his wife to sell the whole, or any part of his estate "giving good, and sufficient deeds, to purchasers, in Fee-Simple", cannot be separated from what immediately follows, that is, "and to invest the

procedes in legal securities." The respondents, in contending that the grant of such powers made the wife sole and absolute owner in her own right of testator's entire estate, dismiss the provision directing that the proceeds derived from the exercise of those powers be invested in legal securities by saying that such provision was merely an admonition by the testator to his wife to use "good business judgment" in managing the estate which was to be hers, and hers alone, after his death.

This argument is ingenious but not convincing. The testator expressly directs his widow to invest the proceeds derived from an exercise of the powers granted in legal securities. A reading of the two clauses above mentioned together, as they should be, and not separately and independently of each other, as the respondents would like to have us do, makes clear the intention of the testator. In our judgment, it was his intention to protect his estate against a possible change of circumstances by the remarriage of his widow, and to preserve that estate in its original form or in the form of substituted "legal securities" as a revenue-producing estate for the benefit of both his widow and children.

Assuming for the present that the testator's widow had an estate for life or widowhood in the real estate and the same kind of interest for a similar term in the personal property, still such interests are not changed to a fee in the real estate and to an absolute title in the personal property by whatever added powers were given to the life tenant under the will. See *Barker* v. *Ashley,* 58 R. I. 243; *Tilton, Petitioner,* 21 R. I. 426; *Phillips* v. *Wood,* 16 R. I. 274; *Rhode Island Hospital Trust Co.* v. *Commercial National Bank,* 14 R. I. 625.

The respondents further contend that, by necessary implication from the express provisions of the will, the wife is entitled to the testator's entire estate, both real and personal, with the exception of the personal property contained in

"The Chalet", in her sole and absolute right. Here again we cannot agree with the respondents. The authorities are almost unanimous to the effect that devises and bequests by implication are not favored. They are allowed in rare cases because the intention of the testator, as ascertained by an examination of the whole will, requires the creation of such estates for the purpose of effectuating the manifest intention of the testator. The term "necessary implication" in such instances means a compelling, if not irresistible, inference arising from the testator's intention as expressed by him in his will. Such an inference cannot be based on mere speculation or conjecture. *Smith* v. *Bradford,* 51 R. I. 289, 292; *Thomas* v. *Rhode Island Hospital Trust Co.,* 50 R. I. 369. 1 Jarman on Wills, (6th ed. Am.) 532.

In the recent case of *Industrial Trust Co.* v. *Wilson,* 61 R. I. 169, at page 181 of that opinion, we said that "this court has consistently ruled that it is *'the written expression* of the testator, taken in its natural sense and use, and applied to existing facts' that must control. *Ogden, Petitioner,* 25 R. I. 373, 374." Applying this well-established rule in the instant cause, we find the will sufficiently clear to prevent the application of the rule of an estate by implication as to any of testator's property. We are therefore of the opinion that the widow has no estate in fee simple in the testator's Rhode Island real estate, and that she is not entitled to his personal property in this state by way of absolute gift.

The question that next arises is whether the testator intended to give his widow an estate for life or widowhood in said real estate and an interest of the same character in said personal property. With the exception of the personal property in "The Chalet", which is controlled by the codicil, the testator makes an absolute gift to his widow of the net income of all his property, both real and personal, and he further gives her power to sell or let any or all of such property, with the limitation, however, that she shall invest in legal securities the proceeds of any sale authorized under the will.

It is only *after* her death or widowhood that the testator directs his estate to be divided among his children in the manner prescribed.

In the circumstances, it is clear to us that it was the intention of the testator to give his wife a legal life estate, with its ordinary incidents, in his Rhode Island real estate, and the same kind of interest in his personal property in this state, with power to sell or let any or all of such property, excepting the personal property in "The Chalet", and to reinvest the proceeds of any sale thereof. Subject to the rights of the widow as herein defined, the complainant has a vested remainder in said real estate and to said personal property, with the exception of the personal property in "The Chalet."

The change effected by the codicil is of a minor nature. Although the testator gives his wife the right "to the use and enjoyment during her lifetime" of the household furniture and other personal property contained in "The Chalet", and says nothing about "widowhood", yet, construing the language of the codicil and of the will as one instrument, we are of the opinion that the bequest "during her lifetime" in the codicil is subject to the same limitation that is expressed in the will, namely, that her right to the use of the personal property in "The Chalet" will be terminated by her death or remarriage. Upon the termination of such right in the widow, the personal property in "The Chalet" is to be divided among the three children of the testator "share and share alike as nearly possible as they can arrange the same."

On May 7, 1941, the parties may present a form of decree in accordance with this opinion.

*May Levy,* for complainant.

*Leo L. Tobak,* for respondents.